UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10009-CIV-KING
    (03-10016-CR-KING)
MAGISTRATE JUDGE P.A. WHITE

NEUDIS INFANTES HERNANDEZ,          :

          Movant,                   :

v.                                  :          REPORT OF
                                               MAGISTRATE JUDGE
UNITED STATES OF AMERICA,           :

          Respondent.               :
_____

     Neudis Infantes Hernandez has filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed pursuant to a jury verdict in Case No. 03-10016-Cr-King.


     This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings in the United States District Courts.


     For its consideration of the motion to vacate (Cv-DE#1), the Court also has the movant's memorandum of law, the government's response to an order to show cause with multiple exhibits (Cv-DE#10), the movant's reply, and the underlying criminal file. This motion is timely filed.


     Hernandez raises the following four issues:

1.   The government failed to prove that the movant wrongfully intended to seize or exercise control over the aircraft, as defined in Title 49 U.S.C. 46502(a)(1)(A).

2.   Movant's counsel was ineffective for failing to challenge the Court's interpretation of the wrongful intent element.

3.   The movant was denied his right under the Confrontation Clause when he was precluded from cross-examining the respondent's witnesses about their membership in the Cuban Government's Communist Party.

4,   Counsel was ineffective for failing to challenge the denial of his right to cross examine the respondents witnesses concerning their membership in the communist party.

<u>Factual and Procedural History</u>

Hernandez was convicted in case no. 03-10016-Cr-King, following a jury trial, of knowingly and intentionally conspiring to seize and exercise control of an aircraft by force, violence, threat of force, threat of violence and intimidation, and with wrongful intent, in violation of 49 U.S.C. §46502(a)(1)(A), all in violation of 49 U.S.C. §§46502(a)(2) and (a)(2)(A)) (Count 1), and knowingly and intentionally seizing and exercising control of an aircraft by force, violence, threat of force, threat of violence, and intimidation with wrongful intent, in violation of 49 U.S.C. §§46502(a)(2) and (a)(2)(A)and 18 U.S.C. §2(Count 2). He was charged by superseding indictment, and convicted of knowingly and

2

intentionally conspiring to and assaulting and intimidating with dangerous weapons the flight crew members and a flight attendant, thus interfering with their duties and lessening their abilities to perform their duties, in violation of 49 U.S.C. §46504 (Counts 3 and 4). Hernandez was sentenced on April 20, 2004, to 240 months imprisonment and three years of supervised release as to each of the Counts, to run concurrently, and a special assessment. (CR DE#425)

Hernandez appealed on May 22, 2006, and raised the following claims:

1. The government failed to present sufficient evidence to support his convictions.

2. The district court erred in denying his motion to exclude a Cuban government document which was a summary prepared for the trial rather than an official record.

3. The district court erred in refusing to grant Hernandez a mistrial and severance.

4. The district court erred in denying Hernandez's requested jury instructions and verdict form

5. He was denied a fair trial because of the cumulative effect of erroneous rulings by the district court.

6. The district court erred in sentencing Hernandez in violation of the Eighth Amendment prohibition against cruel punishment.

The movant's conviction was affirmed by the Eleventh Circuit in a published decision <u>United States v Arias-Izquierdo</u>,<u>et al</u>, 449 F.3d 1168 (11 Cir. 2006).[1]  The Supreme Court denied <u>certiorari</u> on January 8, 2007 , 127 S.Ct. 996 (2007). (CR DE#491) This motion to

_____

[1]This opinion includes the appeal of Hernandez's co-defendants.

vacate was timely filed on January 14, 2008, signed on January 7, 2008.

The relevant facts of the case, as found in the pre-sentence investigation report, are as follows: On March 19, 2003, the petitioner and five other people, hijacked a Cuban DC-3 airliner which had departed from the Isle of Youth, Cuba, bound for Havana, Cuba, and diverted the plane to Key West Florida. The airliners 31 passengers and six crew members were threatened with knives and an aircraft survival hatchet. The petitioner, and another hijacker bound three of the aircraft personnel with rope and tape, and stood guard in the passenger section of the plane with knives drawn. Upon arrival at Key West Florida, the knives were thrown onto the tarmac, the passengers were allowed to disembark. The petitioner and co-defendants then left the plane, and were immediately arrested.

The Pre Sentence Investigation Report, in assessing Hernandez's role, indicated that although Hernandez was not the leader, he maintained control of the passengers through threats and the brandishing of knives while the others were smashing the cockpit door. He was involved in subduing the flight attendant and tying him up, as well as restraining other aircraft personnel. It was determined that he did not warrant either an aggravating role adjustment pursuant to §3B1.1 or a mitigating role adjustment pursuant to §3B1.2.

Claim One

In his first claim the petitioner argues that the government failed to demonstrate that he had the wrongful intent to seize or exercise control of the aircraft, because his intent was founded on seeking freedom from a tyrannical Communist regime.

To demonstrate wrongful intent, the statute requires only proof of general intent. United States v Grossman, 131 F.3d 1449 (11 Cir. 1997) (interference with flight crew does not require any showing of specific intent), US v Castaneda-Reyes, 703 F2d 522 (11 Cir. 1983) (Offense of aircraft piracy requires showing of general criminal intent.) Because the offenses charged are general intent crimes, the government only need establish that the movant intended to commit the proscribed acts, not that he intended to violate the law.

Facts

During trial, a jury instruction of "wrongful intent instruction", defined as "the act was done voluntarily and intentionally and not because of mistake or accident" was given to the Jury. (Transcript Day 8, p.106) The District Court held that defendants could not raise a justification defense, and denied co-defendant Norneilla- Morales' requested jury instruction to include the words "or other innocent reason".  (TR Day 7, p.132)

5

Co-defendant Morales challenged this ruling on direct appeal. The Appellate Court upheld the District Court's ruling,  finding that this instruction would have mislead the jury into thinking the defendants conduct could be excused and that the proposed jury instruction was a back door attempt at a justification defense, disallowed by the District Court.  Arias Izquierdo, supra 449 F.3d at 1188-1189.

On appeal Hernandez challenged the sufficiency of the evidence. The Eleventh Circuit reviewed the evidence and found there was sufficient evidence to support his conviction, which includes a wrongful intent element.  The Appellate Court stated that in order to convict defendants of aircraft piracy, the government was required to prove a) the seizure of, or exercise of control over, an aircraft, 2) by means of force, violence, threat of force or violence, or any form of intimidation, 3) with wrongful intent and 4) when the aircraft was within the special jurisdiction of the United States. Arias-Izquierdo, 449 F.3d at 1175-1176.

The evidence, as recited by the Eleventh Circuit is as follows:

> Hernandez, like his co-defendant Arias Izquierdo, wielded a knife in order to maintain security on the flight. The Flight steward Garcia testified that Hernandez grabbed him from behind, pressed the knife to him, pushed him face down on the floor of the cabin , warned him that he would be killed if he resisted, bound his hands behind him, and left him on the floor. Garcia stated that

Hernandez remained at the rear of the cabin, guarding the crew, for most of the flight. Passenger Barreda testified that Hernandez distributed snacks to the passengers while holding the knife.  The Court stated in a footnote that even if Hernandez did not actually use the knife, the fact that he threatened to kill Garcia if he resisted is sufficient under 49 U.S.C.§46502 citing to Pablo-Lugones, 725 F.2d 624 (holding that threatening to use a dangerous weapon, even if it is never actually used, is a sufficient use of force and violence to convict for aircraft piracy.)

The Court found that the government proved that Hernandez used intimidation and threats of violence to maintain control over the passenger cabin of the aircraft, in a manner meant to influence the flight plan and the pilot, thus the government proved sufficient evidence of Hernandez guilt under the plain language of §46502.  The Court further found there was sufficient evidence to convict him of conspiracy to commit aircraft piracy. Arias-Izquierdo, at 1181.

As determined above, the government was required only to prove that  "the act was done voluntarily and intentionally and not because of mistake or accident" . The Eleventh Circuit Court of Appeals clearly determined that the government had met its burden, and that there was sufficient evidence to support the movant's convictions. Implicit in that finding is the determination that the Court found wrongful intent. The movant does not contest he did not intend to hijack the airplane, and the excuse that it was done to escape from a communist regime is irrelevant to the offense charged.

Conclusion

Because the eleventh Circuit found the government had proved "wrongful intent" this  issue was determined on appeal, and  is procedurally barred from being re-litigated in a §2255 motion to vacate . United States v. Frady, 456 U.S. 152, 166-168 (1982) An

7

issue resolved against a movant on direct appeal cannot be re-litigated in a §2255 motion absent an intervening change in the law. <u>Dermota v United States</u>, 895 F.2d 1324 (11 Cir. 1990), <u>cert. Denied</u>, 498 U.S. 837 (1990).  This claim is therefore procedurally barred, and found to be without merit.


<u>Claim Two</u>


In his second claim Hernandez alleges that his attorney was ineffective for failing to challenge the Court's interpretation of the wrongful intent element.


For Hernandez to succeed on a claim of ineffective assistance of counsel, he must demonstrate that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result would have been different, in other words that the petitioner was prejudiced as a result of counsel's performance. <u>Strickland v Washington</u>, 466 U.S.668 668, 694 (1984), <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal.  <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11 Cir. 1987). Moreover, prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. <u>Glover v. United States</u>, 531 U.S. 198, 203-204 (2001).

In order to satisfy the prejudice prong, the movant must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, <u>supra</u>. at 394. In other words, the movant must prove "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687; <u>see also</u>, <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993), <u>citing</u>, <u>Kimmelman v. Morrison</u>, 477 U.S. 365 (1986)("The essence of an ineffective assistance of counsel claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."). In <u>Fretwell</u>, the Supreme Court also concluded that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." <u>Fretwell</u>, <u>supra</u> at 369, <u>citing</u>, <u>United States v. Cronic</u>, 466 U.S. 648, 653 (1984). The touchstone of an ineffective-assistance claim is the fairness of the adversary proceeding, and "in judging prejudice and the likelihood of a different outcome, '[a] defendant has no entitlement to the luck of a lawless decisionmaker.'" <u>Fretwell</u>, <u>supra</u> at 370, <u>citing</u>,

Strickland, supra at 695.

The Eleventh Circuit reviews an attorney's performance with deference, and looks not for "what is prudent or appropriate, but only what is constitutionally compelled." Hardwick v. Crosby, 320 F.3d 1127, 1161 (11 Cir. 2003), citing Chandler v. United States, 218 F.3d 1305, 1313 (11 Cir. 2000) (en banc)(When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment."). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11 Cir.), cert. den'd,___ U.S. ___, 123 S.Ct. 70 (2002), quoting, Strickland v. Washington, supra at 690. Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992).

Hernandez claims that trial counsel was ineffective for failing to present information to the jury to enable the jury to have made a reasonable inference as to the basis for diverting the Cuban aircraft to the United States. He states that trial counsel Feigenbaum could have refuted the argument of Assistant United States Attorney Delionado, who stated that the motives of the defendants and why they acted as they did, was not relevant ((petitioner's memo p. 17; TR Day 7 p.20) . Hernandez further contends that counsel should have contested the superceding indictment which alleged "wrongful intent". A close examination of the transcript reveals that Delionado was merely reiterating a prior discussion establishing that wrongful intent in this case meant general intent, and that only if this had been a case of specific intent would motives be relevant. As demonstrated above, the District Court determined that the defendants would not be permitted a self justification defense, and refused to allow jury instructions which allowed the jury to make this inference. This was upheld on Appeal by the Eleventh Circuit. The substantive claim has been raised and rejected by the Eleventh Circuit and the petitioner has failed to demonstrate that he suffered any prejudice by counsel's failure to continue to argue the meritless claim of lack of "wrongful intent", or that his trial would have come out any differently. Strickland, supra.

Furthermore, t he presentation of this claim in this §2255

11

proceeding in the guise of an ineffective assistance of counsel claim adds nothing of substance which would justify a different result. The claim not only fails on the merits but is also procedurally barred. See, Cf., United States v. Nyhuis, 211 F.3d 1340 (11 Cir. 2000)(Defendant was not entitled to collateral relief based on due process claim that was mere re-characterization of double jeopardy and immunity claim that was rejected on direct appeal), citing, United States v. Rowan, 663 F.2d 1034, 1035 (11 Cir. 1981).

Claim 3

Movant claims in Issue 3 that he was denied his rights under the Confrontation Clause of the Sixth Amendment when the Court did not allow him to cross-examine the government's witnesses concerning their membership in the Communist Party. The movant contends that if the Court had been aware of the Cuban Democracy Act of 1992 and the Cuban Liberty and Democratic Solidarity Act of 1996, it would have allowed the defense to demonstrate that the Cuban Government politically manipulated the desire of its citizens to escape). (pet'rs memo p23)

The Confrontation Clause of the Sixth Amendment guarantees criminal defendants an opportunity to impeach through cross-examination the testimony of adverse witnesses. United States v

12

Baptista-Rodriquez, 17 F.3d 1354, 1370 (11 Cir. 1994). A defendant must be allowed to show bias on the part of a prosecution witness. Davis v. Alaska, 415 U.S. 308, 315 (1974). This right is limited, and Judges have wide latitude to impose reasonable limits on cross-examination. Such restrictions are reviewed solely for abuse of discretion. Baptista-Rodriquez, supra p. 1370-1371.


During trial the District Court disallowed questions directly inquiring into Community Party membership, on grounds of irrelevancy. Transcript Day 4 p.40) The Court gave a hypothetical situation in which it would be the equivalent of questioning someone if they were a member of the Klu Klux Clan in a case of car theft. ( see petitioner's memo p.21 citing to TR Day 3, p.135). This ruling was upheld by the Eleventh Circuit on direct appeal stating "we hold that the District Court did not abuse its discretion in disallowing the questions directly inquiring into Communist Party membership". Arias-Izquierdo, supra.

Therefore this issue is without merit.


Claim 4


The petitioner raises the issue that his counsel was ineffective for failing to properly challenge the Court's adverse ruling disallowing cross examination into Communist Party affiliations of witnesses. As stated above, the District Court's Ruling was upheld by the Eleventh Circuit, and counsel's arguments

would not have changed the outcome of this case. Further, the Court's ruling disallowing a justification defense renders this cross-examination irrelevant. Counsel cannot be faulted for failing to pursue a meritless claim.

The evidence against Hernandez was overwhelming, and the District Court and the Appellate Court have clearly found that all his claims, as raised are without merit.

It is therefore recommended that this motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 22nd day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Neudis Enfantes Hernandez, <u>Pro Se</u>
    Address of Record

    Office of US Attorney
    Address of Record